UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROCIO CALDERON, | ) | CIVIL NO. 07cv0288-L (NLS) |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING JOINT MOTION** |
| | ) | **FOR PROTECTIVE ORDER;** |
| v. | ) | |
| | ) | [Doc. No. 15] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | **PROTECTIVE ORDER REGARDING** |
| Defendant. | ) | **SENSITIVE AND CONFIDENTIAL LAW** |
| | ) | **ENFORCEMENT DOCUMENTS** |

IT IS HEREBY STIPULATED by and between the parties, through their respective counsel, that:

1. Information relating to the United States' law enforcement operations concerning the use of force, including but not limited to the use of handcuffs, firearms, and physical control of subjects, are protected from disclosure. Such information has been identified by the United States (hereinafter "government") as sensitive and confidential law enforcement information regarding the policies, methods, techniques, procedures and guidelines for United States Customs and Border Protection's (formerly U.S. Customs Service) law enforcement operations. If disseminated, individuals who have access to the information might use it to undermine the government's law enforcement operations.

2. The parties acknowledge and agree to a desire to protect against any risk of circumvention of law that might result from disclosure of sensitive and confidential law enforcement information as described in this Order.

3. Therefore, in order to protect against the disclosure of sensitive and confidential law enforcement, investigatory, and official information, while at the same time, observing the requirements of Rule 26 of the Federal Rules of Civil Procedure, and to permit the parties to discover and, if otherwise admissible, make reasonable use at trial and other matters in this litigation information relevant to the subject matter of this case, it is hereby stipulated that the Court may enter an order as follows:

**ORDER**

In the course of discovery in this case, counsel for the Plaintiff has requested production of U.S. Customs and Border Protection's policies concerning handcuffing and use of force. Plaintiff acknowledges that any document detailing the government's enforcement policies and procedures is sensitive and confidential law enforcement, investigatory, and official information. It is also anticipated that Plaintiff may seek testimony from witnesses concerning sensitive and confidential law enforcement, investigatory, and official information. Accordingly, this Order is entered for the purpose of protecting against the improper disclosure of the government's enforcement policies and procedures (collectively, the "protected documents").

1. This Order shall govern the disclosure of the protected documents as well as deposition testimony concerning the government's enforcement policies and procedures. For purposes of this Order, such protected documents will be deemed "sensitive" and "confidential" for purposes of this litigation. Before the government produces protected documents covered by this order, the government will mark each page of such document "Subject to Protective Order".

2. Disclosure of the protected documents shall be subject to the following conditions:

   a. <u>Disclosure to Plaintiff</u>. The attorneys of record for Plaintiff may be permitted to see originals and obtain copies of the protected documents covered by this Order. Also, experts witnesses formally retained and designated by Plaintiff as experts regarding law enforcement techniques, including use of force, may be permitted to see originals and obtain copies of the protected documents covered by this Order, provided such experts have first executed the written statement set forth in section 2.d below, and comply with the provisions of that section. However, the Plaintiff herself

is <u>not</u> permitted to see originals or obtain copies of the protected documents as stated in "2.b. <u>Limitations on Further Disclosure</u>." Plaintiff's attorneys of record shall use the protected documents <u>solely</u> for the purposes of this litigation.

      b.    <u>Limitation on Further Disclosure</u>. Plaintiff shall not make any disclosure of the protected documents, including the contents thereof or any information derived from the protected documents, except as allowed by this Order. The Plaintiff's attorneys are specifically prohibited from making any disclosure of the protected documents, including the contents thereof or any information derived from the protected documents, to their clients in this matter.

      c.    <u>Limitation on Copies</u>. No more than two copies of each protected document disclosed to Plaintiff pursuant to this Order shall be made. No further copies shall be made without further application to and order by the Court, or written consent of the government's counsel of record, except as may be required as attachments to pleadings that are filed with the Court.

      d.    <u>Applicability of Order to Other Persons</u>. No person to whom disclosure of protected documents is made pursuant to this Order (or the contents thereof) shall make disclosure of such matters to any other person unless the disclosure is reasonably and in good faith calculated to aid in the preparation and/or the prosecution of this specific legal action. Plaintiff shall ensure that any other person to whom disclosure may be made pursuant to this Order shall, prior to such disclosure, have read, understood, and acknowledged in writing his or her agreement to be bound by this Order as follows:

> I, _____, declare under penalty that I have read and understand the terms of this Order issued by the United States District Court on December __, 2007. I understand that this Order remains in effect during and after the conclusion of this litigation, and I agree to be bound by it. I understand that I may be subject to penalties for contempt of Court if I violate this Order.
> Dated:_____          _____

This written requirement applies to, but is not limited to, paralegals, secretaries, expert witnesses, and other individuals and entities who may be employed or retained by counsel to assist in the preparation and/or the prosecution of this specific legal action. Plaintiff shall be responsible for

maintaining the signed original of each such written statement until the conclusion of these proceedings, including any appeal.

    e.    <u>Storage of Protected Documents.</u>  The protected documents shall not, under any circumstances, be left in an open or unsecured location where unauthorized persons (such as unauthorized employees of counsel, cleaning personnel, etc.) might have an opportunity to read them.

    f.    <u>Limitations on Non-Litigation Use of Information.</u>  The sole purpose for which the protected documents are being disclosed to Plaintiff is to allow her to prepare and litigate this specific legal action.  Plaintiff may not use such documents, records, or other information (or the contents thereof) for any other purpose, including use as background material, or for inclusion in books, magazines, newspapers or other publications.  Plaintiff is prohibited from placing any of the protected documents on the Internet.

    g.    <u>Testimony regarding Protected Documents</u>.  To the extent that protected documents may be identified or referred to in depositions in this case, the court reporter transcribing the deposition shall sign a statement as set forth in paragraph 2.d.  Any questions intended to elicit testimony regarding the contents of the protected documents shall be conducted only in the presence of persons authorized to review the protected documents as provided in this Order.  Any deposition transcript containing such questions and testimony shall be subject to the same protections and precautions as the protected documents themselves.

    h.    <u>Return of Information.</u>  Upon conclusion of this specific legal action (including any appeal), all copies of documents, records and other information released under this Order, with the exception of exhibits entered into evidence, shall be returned to the government's counsel within a reasonable period, not to exceed sixty (60) days. Any documents created by Plaintiff, any documents, records and other information covered by this Order (or the contents thereof), and all log(s) of persons authorized to review the protected documents and the written statement(s) acknowledging the terms and provisions of this Order pursuant to paragraph 2.d of this Order, must also be returned to the government's counsel within a reasonable period, not to exceed sixty (60) days.

      i.    <u>Filing Under Seal.</u>  Nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel. Additionally, prior order of the Court or agreement by the government's counsel is required before any unsealed filing of protected documents covered by this Order.

      j.    <u>No Waiver of Objections.</u>  Nothing in this Order constitutes any decision by the Court concerning discovery disputes or the admission into evidence of any specific document or testimony or liability for payment of any costs of production or reproduction of documents. This Order also does not constitute a waiver by any party or any right to object to discovery or admission into evidence of any document, record, testimony or other information that is subject to this Order. Nor does the government waive any privileges, including, but not limited to, the investigatory files privilege, <u>see e.g</u>, <u>Weiner v. FBI</u>, 943 F. 2d 972, 985 (9th Cir. 1991), by entering into this order.

      k.    <u>Modification by Court</u>.  The Court may modify this Order in the interests of justice or for public-policy reasons.

IT IS SO ORDERED.

DATED: December 19, 2007

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge