UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCIO CALDERON, ) | Civil No.07cv288-L(NLS) |
| ) | |
| Plaintiff, ) | **ORDER GRANTING DEFENDANT'S** |
| v. ) | **MOTION TO COMPEL** |
| ) | |
| UNITED STATES OF AMERICA, ) | [Doc. No. 19] |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

Before this Court is the Motion of Defendant United States of America to Compel Plaintiff Rocio Calderon to respond to interrogatories and requests for production of documents, as well as to sign authorizations for the release of medical records pertinent to this case [Doc. No. 19]. Plaintiff has not filed an opposition to the motion. The Court finds the issues appropriate for a decision on the papers and without oral argument pursuant to Local Rule 7.1(d)(1). For the reasons explained below, the Court **GRANTS** Defendant's Motion to Compel [Doc. No. 19].

## DISCUSSION

This action arises from events alleged to have occurred on December 30, 2005 at the Otay Mesa Port-of-Entry near San Ysidro, California. Plaintiff claims that federal officers committed assault and battery against her as she was attempting to re-enter the United States from Mexico. Specifically, Plaintiff alleges that a border patrol agent wrenched her left arm during the course of handcuffing her, injuring her shoulder. (*Complaint* ¶ 8.) On February 12, 2007, Plaintiff filed the instant lawsuit pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346 *et seq*, after complying with the prerequisite

administrative procedures.  (*Id.* ¶ 10.)

On November 27, 2007, Defendant served a First Demand for Production of Documents and First Set of Interrogatories on Plaintiff, responses to which were due December 27, 2007.  (*Defendant's Motion*, Ex. "A.")  During a telephonic meet and confer with Plaintiff's counsel on December 21, 2007, defense counsel agreed to an extension of time for Plaintiff to respond to the discovery requests.  (*Defendant's Memorandum*, 2.)  By letter dated January 17, 2008, defense counsel reminded Plaintiff's counsel of Plaintiff's prior agreement to sign authorizations allowing the release of her pertinent medical records to defense counsel, a stipulated Protective Order [Doc. No. 16] having been entered in this case on December 19, 2007 in order to facilitate the release of the information and provide Plaintiff with the appropriate protection.  (*Defendant's Motion*, Ex. "B.")  On January 31, 2008, the parties filed a joint motion requesting an extension of the discovery deadline from January 18, 2008 to April 15, 2008 in order to accommodate Plaintiff's counsel's trial schedule and Plaintiff's tardiness in responding to Defendant's discovery requests [Doc. No. 17].  The Court granted the motion on February 4, 2008 [Doc. No. 18].  No further extensions have been requested; therefore, discovery in this matter is closed as of the date of this order.

On February 29, 2008, having not received discovery responses and after several attempts to contact Plaintiff's counsel regarding the matter, Defendant filed the instant motion to compel, seeking responses to the requests for production and interrogatories, including authorizations to release records signed by Plaintiff, to be placed on file at her physician's office and at Sharp Mesa Vista Hospital.  (*Defendant's Memorandum*, 3.)  In the alternative, Defendant seeks an appropriate sanction against Plaintiff for her failure to participate in discovery.  (*Id.*)

The Federal Rules allow for broad discovery in civil actions: "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  FED. R. CIV. P. 26(b)(1).  Under Federal Rule of Civil Procedure 33, a party may propound interrogatories which require the answering party to "furnish such information as is available to the party" after conducting a reasonable inquiry.  *See* FED. R. CIV. P. 33(a).  Each interrogatory must be answered separately and under oath.  FED. R. CIV. P. 33(b).  Under Federal Rule

of Civil Procedure 34, a party may request production of documents relevant to the litigation that are in the opposing party's possession, custody or control. FED. R. CIV. P. 34(a). The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995). In turn, the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections. *DirectTV, Inc. V. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002); *Oakes*, 179 F.R.D. at 283.

The Court finds that Defendant has established that the information sought is relevant to this litigation. In contrast, Plaintiff has failed to meet her burden of demonstrating to the Court that the discovery is objectionable. The Court agrees with Defendant's assertion that Plaintiff's unexplained failure to provide the information has undermined Defendant's ability to investigate or prepare a proper defense to Plaintiff's claims, as well as forestalling any potential opportunity of settling this case prior to trial. (*Defendant's Memorandum*, 3.)

Accordingly, **IT IS HEREBY ORDERED** that *no later than April 25, 2008*, Plaintiff shall provide Defendant with full and complete responses to Defendant's First Demand for Production of Documents and First Set of Interrogatories.

**IT IS FURTHER ORDERED** Plaintiff shall sign the applicable authorizations for release of records at the medical office of Dr. Fagerman and at Sharp Mesa Vista Hospital on or before *April 25, 2008*, and notify defense counsel telephonically as soon as the authorization forms are placed on file.

The parties are reminded that aside from the above-ordered exchange of information, discovery in this case is now closed.

### ATTORNEYS' FEES & COSTS

Defendant seeks an award of attorneys' fees and costs incurred in bringing this motion, arguing that Plaintiff has failed to exercise simple courtesy and due diligence in pursuing her claims, thereby necessitating the motion. (*Defendant's Memorandum*, 4.) Under Federal Rule of Civil Procedure 37(a)(4), if a motion to compel is granted the Court shall require the party whose conduct necessitated the motion to pay the moving party's reasonable expenses incurred in making the motion, including

attorneys' fees. *See* FED. R. CIV. P. 37(a)(4)(A).

Because the Court has granted Defendant's motion to compel in its entirety, preliminary grounds exist upon which to base an award of fees and costs to Defendant. However, Defendant did not provide the Court with any information regarding an estimated or actual dollar amount of fees and costs incurred. Accordingly, Defendant shall serve and file a memorandum, supported by the affidavit of counsel, establishing the amount of attorneys' fees and costs incurred in bringing the motion. The memorandum shall provide a reasonable itemization and description of the work performed; counsel's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable. Plaintiff's counsel shall then have the opportunity to serve and file a responsive memorandum addressing any equitable considerations deemed appropriate for the Court to consider in determining the amount of costs and fees which should be awarded, if any. Upon receipt of these memoranda, the Court will consider Defendant's request for fees and costs, and rule accordingly.

Defense counsel shall serve and file the above-referenced memorandum and affidavit regarding attorneys fees and costs on or before *__April 23, 2008__*. Plaintiff's counsel shall serve and file a responsive memorandum on or before *__April 30, 2008__*.

### CONCLUSION

Based on the foregoing, Defendant's Motion to Compel [Doc. No. 19] is **GRANTED**. **Plaintiff is advised that failure to comply with this order shall constitute grounds for the imposition of sanctions, including but not limited to exclusion of evidence, taking certain facts as established, and/or terminating sanctions.** *See* **Fed. R. Civ. P. 37(c).**

**IT IS SO ORDERED.**

DATED: April 15, 2008

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge